IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LUTHER ARTHUR HORN, III,
    Plaintiff,

vs.                                        Case No.: 3:19cv1653/LAC/EMT

ESTATE OF LAVERN CAMACHO, et al.,
    Defendants.
_____/

## **REPORT AND RECOMMENDATION**

Plaintiff, an inmate of the Florida Department of Corrections proceeding pro se and in forma pauperis, commenced this action by filing a civil complaint under 28 U.S.C. § 1331 (ECF No. 1). The Complaint was referred to the undersigned for preliminary screening pursuant to 28 U.S.C. § 1915(e)(2)(B), and for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). For the reasons that follow, the undersigned recommends that this case be dismissed.

I.    BACKGROUND

Plaintiff names six Defendants in his Complaint: (1) the Estate of Laverne Camacho a/k/a Louverne Camacho, (2) Clayton J.M. Adkinson, personal representative and trustee, (3) the Laverne Trust, (4) Adkinson Law Firm, LLC, (5)

Cassandra Hollingsworth a/k/a Veronica Brown, and (6) Karen Gause (ECF No. 1 at 1, 3–6). Plaintiff alleges between April 11, 2001 and July 7, 2010, Defendants conspired to fraudulently transfer real property (specifically, Parcel ID# 192S19240950000030 in Walton County, Florida) from Plaintiff to Laverne Camacho and then to Defendants Estate of Laverne Camacho and Laverne Trust (*id.* at 2–8).

Plaintiff alleges he acquired the real property on April 11, 2001, and included his then-minor daughter Megen Rena Horn (who was 12 years old at the time) as a grantee on the deed (ECF No. 1 at 2–3). Plaintiff alleges on July 7, 2010, Laverne Camacho forged Megen Horn's name (by then, Megen was an adult) as the grantee on a deed transferring Megen's interest in the property to Laverne Camacho (*id.* at 3–6). Plaintiff alleges Defendant Gause forged Jenny Lynn Weaver's name as a witness on the deed (*id.* at 5–6).[1] Plaintiff alleges Defendant Hollingsworth, used an Alabama Notary Stamp, to notarize the deed, knowing that the signatures were forged (*id.*). Plaintiff alleges the fraudulent transaction occurred at the Defendant Adkinson Law Firm, LLC, in Walton County, Florida, and that Hollingsworth had worked at the Atkinson Law firm for a "long time" (*id.* at 3–6). Plaintiff alleges Laverne Camacho named Defendant Clayton Adkinson as the personal

---

[1] Plaintiff states Ms. Weaver is his ex-wife and Megen's mother (ECF No. 1 at 5–6).

representative of her estate (*id.* at 4). Plaintiff alleges the real property became part of Defendant Estate of Laverne Camacho and was then placed in Defendant Laverne Trust, of which Defendant Clayton Adkinson was the trustee (*id.* at 3).

Plaintiff attached several documents to his Complaint, including a deed executed by Plaintiff on December 21, 2006, granting his interest in the property to Laverne Camacho (ECF No. 1, Ex. A). Plaintiff also attached documentation from the Walton County Property Appraiser's Office showing that on January 9, 2014, the property was transferred from Clayton Adkinson, as trustee of the Laverne Trust, to Mr. Michael Camacho (*id.*, Ex. C).

Plaintiff states he is bringing a civil tort action for fraud and fraudulent misrepresentation (ECF No. 1 at 1). As relief, Plaintiff seeks compensatory damages in the amount of $5,000,000.00 and punitive damages in the amount of $10,000,000.00 (*id.* at 9). He also requests that the court rescind the transfer of the property and grant him ownership (*id.*).

II.  DISCUSSION

Federal courts have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006) (internal quotation marks and citation omitted); *see also* Fed. R. Civ. P.

12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Subject-matter jurisdiction in federal court may be found under either 28 U.S.C. § 1331, federal question, or 28 U.S.C. § 1332, diversity.

Section 1332(a)(1) provides that district courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." To invoke diversity jurisdiction, a plaintiff must affirmatively allege facts in the complaint showing that both the amount in controversy and the diversity of citizenship prongs of § 1332(a) are satisfied. *See, e.g., Massey v. Congress Life Ins. Co.*, 116 F.3d 1414, 1418 n.1 (11th Cir. 1997) (noting that for diversity jurisdiction to apply, plaintiff must allege proper jurisdictional basis in complaint, including that plaintiff and defendants are citizens of different states and that amount in controversy exceeds jurisdictional threshold); *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) (finding no diversity jurisdiction where complaint failed to plead citizenship of defendant). The diversity of citizenship must be complete—no defendant in a diversity action may be a citizen of the same state as any plaintiff. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187, 110 S. Ct. 1015, 108 L. Ed. 2d 157

(1990); *Legg v. Wyeth*, 428 F.3d 1317, 1320 n.2 (11th Cir. 2005) *Ingram v. CSX Transp., Inc.*, 146 F.3d 858, 861 (11th Cir. 1998).

To invoke federal question jurisdiction, a plaintiff must assert a claim "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A suit "arises under" federal law if (1) the cause of action was created by federal law, or (2) even though the cause of action was created by state law, it depends on a "substantial question[ ] of federal law." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312, 125 S. Ct. 2363, 162 L. Ed. 2d 257 (2005); *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808, 106 S. Ct. 3229, 92 L. Ed. 2d 650 (holding that a district court has jurisdiction over a claim that "necessarily turn[s] on some construction of federal law"). "[A] federal court may dismiss a federal question claim for lack of subject matter jurisdiction only if: (1) the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction; or (2) such a claim is wholly insubstantial and frivolous." *Blue Cross & Blue Shield of Ala. v. Sanders*, 138 F.3d 1347, 1352 (11th Cir. 1998) (internal quotation marks and citation omitted). As to the latter basis for dismissal, subject matter jurisdiction may be found lacking "if the claim 'has no plausible foundation . . . .'" *Barnett v. Bailey*, 956 F.2d 1036, 1041 (11th Cir. 1992) (quoting *Olivares v. Martin*, 555 F.2d 1192, 1195 (5th Cir. 1977));

*see also McGinnis v. Ingram Equipment Co., Inc.*, 918 F.2d 1491, 1494 (11th Cir. 1990) (en banc).

A federal court must always dismiss a case upon determining that it lacks subject matter jurisdiction, regardless of the stage of the proceedings. *Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1331 n.6 (11th Cir. 2001) (citing *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001)). The burden of establishing jurisdiction rests upon the party asserting jurisdiction. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994); *Thomson v. Gaskill*, 315 U.S. 442, 446, 62 S. Ct. 673, 86 L. Ed. 951 (1942). Indeed, Rule 8(a)(1) of the Federal Rules of Civil Procedure provides that a pleading must contain a short, plain statement of the grounds upon which the court's jurisdiction depends. Fed. R. Civ. P. 8(a)(1).

In the Complaint, Plaintiff asserts he and at least five of the six Defendants are citizens of Florida (*see* ECF No. 1 at 2–6). Plaintiff does not indicate the citizenship of Defendant Hollingsworth (*id.* at 5–6). Nevertheless, Plaintiff's allegations affirmatively demonstrate that complete diversity under 28 U.S.C. § 1332(a) is lacking. *See Carden*, 494 U.S. at 187 (noting requirement of complete diversity of citizenship). Accordingly, even construing the allegations of the pro se Complaint liberally, as this court must do, *see Haines v. Kerner*, 404 U.S. 519, 520,

92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), the court readily concludes Plaintiff has not met his burden of establishing diversity jurisdiction.

Plaintiff also has not shown he may rely on federal question jurisdiction pursuant to 28 U.S.C. § 1331. Plaintiff's fraud claims, if any, are governed by state law, not federal law. Plaintiff makes no allegations suggesting that his cause of action against any Defendant was either created by federal law or, although a creature of state law, depends on a substantial question of federal law. *See Grable & Sons Metal Prods., Inc.*, 545 U.S. at 312. Any alleged federal claim is thus "wholly insubstantial and frivolous" and should be dismissed. *See Blue Cross & Blue Shield of Ala.*, 138 F.3d at 1352.

III. CONCLUSION

Original jurisdiction over Plaintiff's claims, based either on federal question or diversity, is lacking. Dismissal of the Complaint, including any supplemental state law claims, for lack of subject matter jurisdiction is therefore appropriate. *See Scarfo v. Ginsberg*, 175 F.3d 957, 962 (11th Cir. 1999) ("The federal courts of appeals . . . have uniformly held that once the district court determines that subject matter jurisdiction over a plaintiff's federal claims does not exist, courts must dismiss a plaintiff's state law claims.") (citations omitted).

Accordingly, it is respectfully **RECOMMENDED**:

1.      That Plaintiff's federal claims be **DISMISSED without prejudice for lack of subject matter jurisdiction**, and Plaintiff's state law claims be **DISMISSED without prejudice** to Plaintiff's pursuing them in state court.

2.      That the clerk be directed to enter judgment accordingly and close the case.

At Pensacola, Florida, this 13th day of August 2019.


/*s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**