# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

June 22, 2020

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 19-13915-GG
Case Style: Luther Horn, III v. Estate of Lavern Camacho, et al
District Court Docket No: 3:19-cv-01653-LC-EMT

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause. Non-incarcerated pro se parties are permitted to use the ECF system by registering for an account at www.pacer.gov. Information and training materials related to electronic filing, are available at www.ca11.uscourts.gov.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Joseph Caruso, GG at (404) 335-6177.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Jeff R. Patch
Phone #: 404-335-6151

OPIN-1 Ntc of Issuance of Opinion

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-13915
Non-Argument Calendar
_____

D.C. Docket No. 3:19-cv-01653-LC-EMT

LUTHER ARTHUR HORN, III,

                                        Plaintiff-Appellant,

versus

ESTATE OF LAVERN CAMACHO,
ADKINSON CLAYTON J.M., et al.,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(June 22, 2020)

Before WILLIAM PRYOR, Chief Judge, MARTIN, and LAGOA, Circuit Judges.

PER CURIAM:

Luther Horn, III, a Florida prisoner proceeding pro se, appeals the district court's sua sponte dismissal of his common law fraud complaint for lack of subject matter jurisdiction. Horn argues on appeal that the district court should have given him an opportunity, prior to dismissal, to amend his complaint to establish subject matter jurisdiction. He also argues that the district court violated his due process rights by failing to consider the merits of his fraud claim. Because we agree with Horn that the district court should have given him an opportunity to amend his complaint prior to dismissal, we vacate and remand for further proceedings consistent with this opinion.

## I.

In August 2019, Horn filed a pro se complaint alleging common law fraudulent misrepresentation against the estate of Laverne Camacho, the Laverne Trust, Clayton J.M. Adkinson, Adkinson Law Firm, LLC, Cassandra Hollingsworth, and Karen Gause.[1] The complaint states that Horn owned real property located in Walton County, Florida, which he attempted to transfer in trust to his then-12-year-old daughter as a gift in 2001. He alleges that in 2010, Laverne Camacho sold the property by forging Horn's then-12-year-old daughter's

---

[1] Based on a review of the record, it appears that Horn's complaint misnames or misspells several defendants. We construe (1) the estate of "Lavern Camacho" to refer to the estate of Laverne Camacho; (2) "Adkinson Clayton J.M." to refer to Clayton J.M. Adkinson; and (3) "Cassandra Hollinsworth" to refer to Cassandra Hollingsworth.

2

signature on a deed with the assistance of Adkinson, Hollingsworth, and Gause. Horn says Adkinson and Hollingsworth fraudulently notarized the deed using an Alabama notary stamp, while Gause forged the signature of Horn's ex-wife to falsely represent that she was a witness to the deed. Horn's complaint seeks $5 million in compensatory damages and $10 million in punitive damages. It states that Camacho, Adkinson, and Gause were Florida residents and that Adkinson Law Firm, LLC was located in Florida. Horn lists his own address as the Suwannee Correctional Institution in Florida.

In August 2019, a magistrate judge <u>sua sponte</u> issued a report and recommendation ("R&R") recommending that Horn's complaint be dismissed for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1915(e)(2)(B). The magistrate judge found that Horn's complaint does not present a federal question because it alleges only common law fraud. The magistrate judge also found that the complaint does not satisfy the requirements of diversity jurisdiction because "Plaintiff asserts he and at least five of the six Defendants are citizens of Florida." Finding no basis for subject matter jurisdiction under 28 U.S.C. §§ 1331 or 1332, the magistrate judge recommended dismissal without prejudice.

Horn objected to the R&R, arguing, among other things, that the district court did have subject matter jurisdiction. Horn said that because Hollingsworth and Adkinson used an Alabama notary stamp, the facts giving rise to the action

reached across state lines, thus establishing jurisdiction.  Horn also suggested that his ex-wife and daughter live outside of Florida, and that they could bring an action of their own against defendants.  Finally, Horn argued that even if he had not established subject matter jurisdiction in his complaint, the district court was required to give him an opportunity to amend his complaint prior to dismissal.  The district court overruled Horn's objections, adopted the R&R, and dismissed Horn's complaint without prejudice for lack of subject matter jurisdiction.

On appeal, Horn says he should have been allowed to amend his complaint to add his daughter and ex-wife as plaintiffs.  Horn also says the district court violated his due process rights because it dismissed his complaint without addressing the merits.  None of the defendants filed an opposition brief.

## II.

We review de novo a district court's dismissal of a complaint for lack of subject matter jurisdiction.  Center v. Sec'y, Dep't of Homeland Sec., 895 F.3d 1295, 1299 (11th Cir. 2018).  We liberally construe pleadings by pro se litigants. Dixon v. Hodges, 887 F.3d 1235, 1237 (11th Cir. 2018) (per curiam).

## III.

"A district court's discretion to deny leave to amend a complaint is severely restricted by [Federal Rule of Civil Procedure] 15, which stresses that courts should freely give leave to amend when justice so requires."  Woldeab v. Dekalb

4

Cty. Bd. of Educ., 885 F.3d 1289, 1291 (11th Cir. 2018) (quotation marks omitted).  Where "a more carefully drafted complaint" might cure the deficiencies in a complaint, a pro se plaintiff must be given "at least one chance to amend" before it is dismissed with prejudice.  Silberman v. Miami Dade Transit, 927 F.3d 1123, 1132 (11th Cir. 2019) (quotation marks omitted).  A court need not grant leave to amend, however, if the plaintiff clearly indicates he does not want to amend his complaint, or if a plaintiff could not, through amendment, cure the defects in the complaint.  Woldeab, 885 F.3d at 1291.  Absent one of these exceptions, a district court must advise a pro se plaintiff of the deficiencies in his complaint and give him an opportunity to amend.  Id. at 1291–92.

    Here, the court's dismissal was without prejudice.  However, where the applicable statute of limitations "prevents or arguably may prevent a party from refiling," a dismissal without prejudice is considered a dismissal with prejudice.  See Burden v. Yates, 644 F.2d 503, 505 (5th Cir. Unit B May 1981) (quotation marks omitted).[2]  In Florida, the statute of limitations for fraud actions is four years.  Fla. Stat. § 95.11(3)(j).  This limitations period begins running from the time when "the facts giving rise to the cause of action were discovered or should have been discovered with the exercise of due diligence."  Fla. Stat. § 95.031(2)(a).

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.  Id. at 1209.

5

The real estate transaction at issue in Horn's complaint took place in 2010, and Horn admits that he was involved in state court litigation over this transaction as recently as 2015. As a result, Florida's four-year statute of limitations for fraud claims will likely bar Horn from refiling his complaint, thus rendering the district court's dismissal a dismissal with prejudice.[3] Burden, 644 F.2d at 505. We therefore consider whether Horn could cure the defects in his complaint through amendment, and whether Horn clearly indicated that he did not want to amend his complaint. Woldeab, 885 F.3d at 1291.

The deficiency in Horn's complaint—his failure to establish diversity jurisdiction—might be curable. Federal courts have an independent obligation to assure themselves of subject matter jurisdiction. See Belleri v. United States, 712 F.3d 543, 547 (11th Cir. 2013).[4] Diversity jurisdiction exists only where there is complete diversity among the parties, which requires that "no defendant . . . be a citizen of the same state as any plaintiff." MacGinnitie v. Hobbs Grp., LLC, 420 F.3d 1234, 1239 (11th Cir. 2005) (citing, inter alia, 28 U.S.C. § 1332). For purposes of diversity jurisdiction, citizenship is equivalent to domicile, and

---

[3] We do not decide here whether Horn's complaint, as originally filed, was barred by the applicable statute of limitations.

[4] For this reason, Horn's argument that the district court violated his due process rights by failing to assess the merits of his complaint before dismissing it for lack of subject matter jurisdiction is without merit. See Belleri, 712 F.3d at 547 ("We may not consider the merits of [plaintiff's] complaint unless and until we are assured of our subject matter jurisdiction.").

domicile is the place of a party's "true, fixed, and permanent home." McCormick v. Aderholt, 293 F.3d 1254, 1257–58 (11th Cir. 2002) (quotation marks omitted). Residence alone does not establish citizenship in a state. Travaglio v. Am. Express Co., 735 F.3d 1266, 1269 (11th Cir. 2013). For that reason, a prisoner is a citizen of the state where he was domiciled prior to incarceration. Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1314 (11th Cir. 2002).

The magistrate judge found a lack of diversity jurisdiction on the ground that "Plaintiff asserts he and at least five of the six Defendants are citizens of Florida." That is not entirely correct. While Horn does allege in his complaint that several defendants are citizens of Florida, nothing in the complaint or its attachments conclusively establishes his own citizenship. The fact that Horn listed his current address as a Florida prison does not mean he was domiciled there prior to his incarceration. See Polakoff v. Henderson, 370 F. Supp. 690, 693 (N.D. Ga. 1973) ("A prisoner does not acquire a new domicile in the place of his imprisonment, but retains the domicile he had prior to incarceration."), aff'd, 488 F.2d 977 (5th Cir. 1974). Of course, Horn's failure to allege his own citizenship would itself have been grounds for dismissal, because as the party asserting diversity jurisdiction, Horn had the burden to "affirmatively allege facts demonstrating the existence of jurisdiction." Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir.1994). However, it is not clear that Horn could not have cured the jurisdictional defect through an

amendment clarifying that he was domiciled outside of Florida prior to his imprisonment. Under these circumstances, the proper course of conduct would have been to allow Horn an opportunity to amend his complaint to satisfy the complete diversity requirement. See Isbrandtsen Marine Servs., Inc. v. M/V Inagua Tania, 93 F.3d 728, 734 (11th Cir. 1996) (holding that pro se plaintiffs "should have been given at least one chance to amend" their pleading to satisfy jurisdictional requirements before being subject to dismissal with prejudice).

Horn did not clearly state that he did not wish to amend his complaint. To the contrary, in his objections to the magistrate judge's R&R, Horn expressly argued that the court was required to grant him leave to amend before dismissing his complaint. And although Horn has failed to propose an amendment that would cure the jurisdictional defect in his complaint, this is not grounds for denying an opportunity to amend. We addressed similar facts in Woldeab, where this court concluded that a district court abused its discretion by dismissing a pro se plaintiff's Title VII complaint for failing to name the proper defendant. 885 F.3d at 1290. The Woldeab panel found that the plaintiff's failure to propose a curative amendment did not "indicate[] his unwillingness to amend" his complaint, but rather demonstrated "his confusion as a pro se plaintiff unschooled in the intricacies of Title VII pleading." Id. (quotation marks omitted). Similarly, given

Horn's pro se status, we do not view his failure to propose a proper curative amendment to suggest that he was unwilling to amend his complaint.

## IV.

The district court should have advised Horn of his complaint's deficiency and given him the opportunity to amend before dismissing it. Woldeab, 885 F.3d at 1291. The court's failure to do so is an abuse of discretion. Id. For this reason, we **VACATE** the dismissal of Horn's complaint and **REMAND** with instructions to give Horn an opportunity to file an amended complaint.