UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LUTHER ARTHUR HORN, III,
     Plaintiff,

vs.                         Case No.: 3:19cv1653/LAC/EMT

CASSANDRA HOLLINSWORTH, et al.,
     Defendants.
_____/

## **REPORT AND RECOMMENDATION**

This cause is before the court on a motion to dismiss filed by Defendants Clay Adkinson, Clayton J.M. Adkinson, Adkinson's Law Firm, LLC (referred to collectively as the Adkinson Defendants), and Cassandra Hollinsworth (ECF No. 64). The same Defendants also filed a Motion and Request for Court to Take Judicial Notice (ECF No. 65). Plaintiff Luther Arthur Horn, III (Horn) filed a motion to strike Defendants' motions (ECF No. 71). Horn also filed a motion for default (ECF No. 73).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B)–(C); Fed. R. Civ. P. 72(b). For the following reasons, the undersigned respectfully recommends that

Horn's motions be denied, Defendants' motions be granted, and Horn's Third Amended Complaint be dismissed with prejudice.

I.    BACKGROUND

Horn's Third Amended Complaint, the operative pleading, names the following six Defendants:  (1) Adkinson Law Firm, LLC; (2) Clay Adkinson, partner/principal of the Adkinson Law Firm; (3) Clayton J.M. Adkinson, partner/principal of the Adkinson Law Firm; (4) Cassandra Hollinsworth, an employee of the Adkinson Law Firm; (5) Karen Gause, a former employee of the Adkinson Law Firm; and (6) Lavern Camacho Estate Trust (Pl.'s Third Am. Compl. at 2–6, ECF No. 41).[1]

Horn alleges that on April 11, 2001, he and his daughter Megen Rena Horn (then twelve years old) purchased real property on Huck 'N' Tom's Road in Walton County, Florida (Walton County Property) (Pl.'s Third Am. Compl. at 12; Pl.'s Compl. at 3).  Horn alleges that on December 21, 2006, he sold his one-half interest in the Walton County Property to Laverne Camacho (now deceased) for the sum of $96,500 (id.).  Horn attached a copy of the December 21, 2006, deed to his initial Complaint (Special Warranty Deed, ECF No. 1 at 13–14).  Horn claims that on July

---

[1] The court refers to the page numbers automatically assigned by the court's electronic filing system.

7, 2010, Laverne Camacho, with the assistance of the remaining Defendants, "stole" or fraudulently conveyed Megen Rena Horn's interest in the Walton County Property to Camacho (*id.* at 12–13, 16).[2]   Horn specifically alleges Laverne Camacho forged Megen's signature on the deed (*id.* at 13).   Horn further alleges Defendant Gause forged the signature of one of the witnesses, Jenny Weaver (Horn's ex-wife) (*id.*).   Horn alleges Defendant Hollinsworth forged the signature of the other witness, Veronica Brown (allegedly Laverne Camacho's daughter, who is now deceased) and also used Brown's notary stamp to notarize the deed (*id.*).   Horn alleges the allegedly fraudulent transaction occurred at the office of Defendant Adkinson Law Firm, LLC, which was and is owned by Defendants Clayton Adkinson and Clayton J.M. Adkinson (*id.*).   Horn attached a copy of the July 7, 2010, deed to his Complaint (Warranty Deed, ECF No. 1 at 17).

According to additional attachments to Horn's Complaint, Laverne Camacho died on April 17, 2012 (Order Admitting Will to Probate and Appointing Person Representative, ECF No. 1 at 18).   A state court appointed Defendant Clayton J.M. Adkinson as personal representative of Ms. Camacho's estate (*see id.*).   On January 9, 2014, Defendant Clayton J.M. Adkinson, as Trustee of the Lavern(e) Camacho

---

[2] If Megen was twelve years old on April 11, 2001, as Horn alleges, Megen was twenty-one years old on July 7, 2010.

Testamentary Trust, conveyed the Walton County Property to Michael Camacho (Warranty Deed, ECF No. 1 at 22).[3]

Horn asserts federal question jurisdiction under 28 U.S.C. § 1331, identifying 42 U.S.C. § 1983 and the following federal criminal statutes as bases for his federal claims:  18 U.S.C. § 505 (forgery of court seals and signatures of judges or court officers), § 506 (fraudulent making or forgery of seals of United States department or agencies), § 1016 (making of false acknowledgement of oath or appearance), § 1017 (fraudulently affixing government seals), § 1018 (knowingly making a certificate or writing containing false statement), § 1021 (knowingly making false certification of title records), § 1028 (engaging in fraudulent activity in connection with identification documents, authentication features, and information), § 1028A (aggravated identity theft), § 1038 (knowingly conveying false information and hoaxes), § 1341 (devising a scheme to defraud or swindle), § 1346 (defining "scheme or artifice to defraud"), and § 1623 (false declarations before a court) (Pl.'s Third Am. Compl. at 7).

---

[3] Horn states Michael Camacho informed him of the alleged fraud in 2012 (ECF No. 65-2 at 2–3).

Horn also asserts diversity jurisdiction under 28 U.S.C. § 1332, apparently asserting state law claims of fraud and fraudulent misrepresentation (Pl.'s Third Am. Compl. at 7).

As relief, Horn states he "wants the Property back" in the hands of the Horn family (Pl.'s Third Am. Compl. at 8). Horn also seeks compensatory damages in the amount of $5,000,000.00 and punitive damages in the amount of $10,000,000.00 (*id.* at 16).

On September 24, 2021, the Adkinson Defendants and Defendant Hollinsworth filed a motion to dismiss (Defs'. Mot. to Dismiss, ECF No. 64) and a Motion and Request for Court to Take Judicial Notice (Defs.' Mot and Req. for Ct. to Take Judicial Notice, ECF No. 65). On September 28, 2021, the court ordered Horn to file a response to Defendants' motions within thirty days (ECF No. 66).

On September 29, 2021, Horn filed two identical documents titled "Cease and Disist [sic]" (ECF Nos. 67, 68).[4] On October 6, 2021, Horn filed a Motion to Enter Cease and Desist, apparently requesting that the court enjoin Defendants from buying or selling the Walton County Property (*see* ECF No. 69; *see also* ECF Nos.

---

[4] Because Horn is a prisoner, the filing date of his documents is the date he delivered them to prison authorities for forwarding to the clerk of court. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

67, 68).  The Adkinson Defendants and Defendant Hollinsworth filed a response in opposition to Horn's motion (*see* ECF No. 70).

On October 12, 2021, Horn filed a motion to strike Defendants' motion to dismiss and motion to take judicial notice (ECF No. 71).  Defendants filed a response in opposition to the motion to strike (ECF No. 72).

On October 20, 2021, Horn filed a motion for default, requesting entry of a default against Defendants for failure to serve or file any documents or affirmative defenses (ECF No. 73).  On October 26, 2021, Horn filed a "Written Objection," requesting that the court strike the filings of Defendants' counsel on the ground that counsel did not file a notice of appearance and thus is not authorized to file documents on behalf of any Defendant (ECF No. 74).

## II.   HORN'S MOTION TO STRIKE AND MOTION FOR DEFAULT

In support of Horn's motion to strike, he contends the motion to dismiss was untimely and unauthorized (*see* Pl.'s Mot. to Strike, ECF No. 71 at 1–4).  Horn argues the motion to dismiss was not filed by the twenty-one-day deadline set forth in the summonses, the court's order directing service of process, and Fed. R. Civ. P. 12(a)–(b) (*id.* at 2).  Horn additionally argues Defendants may not seek dismissal of his Third Amended Complaint because dismissal is authorized only during the

statutory screening phase of the case, pursuant to 28 U.S.C. § 1915, which his Third Amended Complaint survived (*id.* at 2–3). Horn further asserts Defendants failed to comply with the service requirement of Fed. R. Civ. P. 5(d) by timely and properly serving him with a copy of the motion to dismiss and motion to take judicial notice (*see id.* at 3).

Horn's motion for default seeks a clerk's entry of default against Defendants for failing to serve or file "documents or affirmative defense" (Pl.'s Mot. for Default ECF No. 73).

Rule 55 of the Federal Rules of Civil Procedure provides the clerk must enter a party's default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise . . . ." Fed. R. Civ. P. 55(a). The court may set aside entry of default for good cause. *See* Fed. R. Civ. P. 55(c).

The Adkinson Defendants and Defendant Hollinsworth contend they timely responded to the Third Amended Complaint and thus did not fail to plead or otherwise defend this action (Defs.' Resp. to Pl.'s Mot. to Strike, ECF No. 72 at 2). Defendants assert they were served with summonses on September 3, 2021, and their motion for dismiss was filed twenty-one days later, on September 24, 2021, which

was within the response time directed by the summonses and the court's order of

August 30, 2021 (*id.* at 2).  Defendants assert that even if Horn did not receive a

copy of the motion to dismiss and motion to take judicial notice by the date Horn

filed the motion to strike the documents (October 12, 2021), Horn has not sought

additional time to respond to the motion, nor has he asserted any facts which would

entitle him to the relief of striking the motions (*id.* at 3).

Horn has not shown that the motion to dismiss or the motion to take judicial

notice was either untimely or unauthorized.   The Adkinson Defendants and

Defendant Hollinsworth were personally served on September 3, 2021 (*see* returns

of service, ECF Nos. 57, 59, 60, 61).   The summonses and the court's order of

August 30, 2021 (ECF No. 55) directed Defendants to file a responsive pleading

within twenty-one days of the date of service.  Defendants' motion to dismiss was

filed by the twenty-one-day deadline and thus was timely.

Additionally, Defendants complied with the service and certification

requirements of Rule 5.  Rule 5 provides that a paper is served by "mailing it to the

person's last known address—in which event service is complete upon mailing . . .

."  Fed. R. Civ. P. 5(b)(2)(C).  In such circumstances, Rule 5 further requires the

filing party to file a certificate of service either with the paper or within a reasonable

time after service.  Fed. R. Civ. P. 5(d)(1)(B).  Defendants' motion to dismiss and motion to take judicial notice include certificates of service certifying that on September 24, 2021, a copy of each motion was served upon Horn via U.S. Mail at the address Horn indicated in his Third Amended Complaint, which is Horn's address of record.  Defendants thus complied with the service requirements of Rule 5.

Horn has not demonstrated a basis to strike the motion to dismiss or the motion to take judicial notice; nor has he demonstrated a basis for entry of a default against the Adkinson Defendants or Defendant Hollinsworth.  Therefore, Horn's motions should be denied.

Horn also has not demonstrated he is entitled to a default against Defendant Lavern Camacho Estate Trust.  Service was returned unexecuted as to this Defendant (*see* return of service, ECF No. 62).  Absent any indication that this Defendant was served with process, Horn is not entitled to entry of a default.

With respect to Defendant Karen Gause, the process server's receipt certified, "I have legal evidence of service" and noted in the "Remarks" section, "Receptionist attempted to refuse service even after stating, 'Cassie is here. I'll get her.'" (*see* return of service, ECF No. 58 at 1).  The process server's receipt for Defendant

Cassandra Hollinsworth (i.e., "Cassie") is identical (*see* return of service, ECF No. 57 at 1).

Horn's Third Amended Complaint indicates Defendant Cassandra Hollinsworth works for the Adkinson Law Firm, LLC, and Horn lists her address as the law firm's address (*see* Pl.'s Third Am. Compl. at 6). But Horn asserts Defendant Karen Gause resides at "Black Creek, Freeport, Florida" and is not employed (*id.*). Horn asserts Gause's "mail [is] sent to the Adkinson Law Firm" (*id.*).

Rule 4 of the Federal Rules of Civil Procedure provides that an individual may be served by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

In Florida, service of process upon an individual is governed by Fla. Stat. § 48.031(1)(a), which provides, in relevant part:

> (1)(a) Service of original process is made by delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading or paper or by leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents. . . .

> (b) An employer, when contacted by an individual authorized to serve process, shall allow the authorized individual to serve an employee in a private area designated by the employer.

Fla. Stat. § 48.031(1)(a)–(b).

The process server's receipt for Defendant Karen Gause does not show that Gause was served in accordance with Florida law or Fed. R. Civ. P. 4.[5]  In the absence of any indication that Defendant Gause was properly served with process, Horn is not entitled to entry of a default against her.

To summarize, Horn has not demonstrated a basis for entry of a default against any Defendant.  Additionally, Horn has not shown a basis for striking the motion to dismiss or the motion to take judicial notice filed by the Adkinson Defendants and Defendant Hollinsworth.  Therefore, Horn's motions should be denied.

## III.    DEFENDANTS' MOTION AND REQUEST FOR COURT TO TAKE JUDICIAL NOTICE AND MOTION TO DISMISS

---

[5] The presence of "Cassie" at the law firm when service was attempted upon Karen Gause is not evidence that Gause was present or served.

Defendants seek dismissal of the Third Amended Complaint under Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure (Defs.' Mot. to Dismiss at 4).

Under Rule 12(b)(1), a defendant may seek dismissal based upon a lack of subject matter jurisdiction. Under Rule 12(b)(6), a defendant may assert by motion the defense that a plaintiff has failed to state a claim upon which relief can be granted. The allegations of the complaint are taken as true and construed in the light most favorable to the plaintiff. *See Davis v. Monroe Cnty. Bd. of Educ.*, 120 F.3d 1390, 1393 (11th Cir. 1997). The court may consider documents attached to a complaint or incorporated into the complaint by reference, as well as matters of which a court may take judicial notice. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Saunders v. Duke*, 766 F.3d 1262, 1272 (11th Cir. 2014).

Federal Rule of Evidence 201 permits a court to "judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). However, "the taking of judicial notice of facts is, as a matter of evidence law, a highly limited process. The reason for this caution is that the taking

of judicial notice bypasses the safeguards which are involved with the usual process of proving facts by competent evidence in district court." *Shahar v. Bowers*, 120 F.3d 211, 214 (11th Cir. 1997) (per curiam) (en banc). "In order to fulfill these safeguards, a party is entitled to an opportunity to be heard as to the propriety of taking judicial notice." *Dippin' Dots, Inc. v. Frosty Bites Distrib., LLC*, 369 F.3d 1197, 1205 (11th Cir. 2004) (quotation marks omitted and alteration adopted). Rule 201 does not require courts to warn parties before taking judicial notice of some fact, but, upon the party's request, it does require an opportunity to be heard after the court takes judicial notice. Fed. R. Evid. 201(e).

Defendants request that the court take judicial notice of the following documents, certified copies of which Defendants attached to the motion seeking judicial notice: (1) the Warranty Deed reflecting Megen Rena Horn's transfer of her interest in the property on July 7, 2010; (2) Horn's complaint filed in the Circuit Court In and For Walton County, Florida, Case No. 2014-CA-0251; (3) Horn's petitions for emergency injunction filed in the Circuit Court In and For Walton County, Florida, Case No. 2014-CA-0251; and (4) a copy of the state court's order dismissing Case No. 2014-CA-0251 (Defs.' Mot. and Req. for Ct. to Take Judicial Notice with attached exhibits, ECF Nos. 65, 65-1 through 65-4).

The court need not take judicial notice of the Special Warranty Deed dated December 21, 2006, or the Warranty Deed dated July 7, 2010.  Horn attached the deeds to his initial Complaint (*see* Compl., ECF No. 1 at 13–14, 17); therefore, the court may properly consider them in ruling on the motion to dismiss.  *See Tellabs, Inc.*, 551 U.S. at 522 ("[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, . . .").

With respect to the remaining documents, i.e., Horn's pleadings in state court and the state court's order filed in Walton County Circuit Court, Case No. 2014-CA-0251, the facts concerning the nature of that action, the date it was filed, the parties to it, and the facts and claims asserted by Horn are not subject to reasonable dispute because those facts can be accurately and readily determined from the certified copies of the documents attached to Defendants' motion to take judicial notice (*see* Horn's state court complaint and petitions, ECF No. 65-2, 65-3).  The same is true of the facts concerning the date and nature of the state court's disposition of the case (*see* state court's order, ECF No. 65-4).  Therefore, the court may properly take

judicial notice of the state court documents in considering Defendants' motion to dismiss.[6]

### A.    Horn lacks standing to assert his causes of action.

Defendants contend Horn's purported causes of action do not relate to *his* conveyance of *his* half interest in the Walton County Property on December 21, 2006; rather, Horn's causes of action relate to his *daughter's* conveyance of *her* interest in the property on July 7, 2010 (Defs.' Mot. to Dismiss at 5).  Defendants contend Megen Rena Horn is not a party to this litigation and did not sign the Third Amended Complaint (*id.*).  Moreover, Horn does not allege he is suing—or would have any legal basis to bring a claim—on behalf of Megen Rena Horn (*id.*). Defendants contend that because the 2010 deed in question relates to the interests of Megen Rena Horn, not Horn himself, Horn lacks standing to bring his purported

---

[6] Horn asserted, in his motion to strike filed on October 12, 2021, that as of that date he had not been served with a copy of Defendants' motion to take judicial notice (*see* Pl.'s Mot. to Strike, ECF No. 71 at 3), despite the fact that Defendants complied with the service requirement of Rule 5 (*see* Defs.' Mot. and Req. for Ct. to Take Judicial Notice, ECF No. 65 at 4–5).  Horn is hereby advised that if he disputes the accuracy of the facts taken from the sources identified in this Report and Recommendation, or if he otherwise wishes to be heard on the propriety of the court's taking judicial notice of those facts, he must do so in an objection to this Report and Recommendation. *See Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 651–53 (11th Cir. 2020) (district court properly took judicial notice where petitioner had opportunity to object to report and recommendation after magistrate judge took judicial notice of dates from petitioner's state court dockets, but petitioner did not ask to be heard, dispute accuracy of judicially noticed facts, or indicate he lacked the ability to dispute state court dockets).

causes of action (*id.*).  Defendants acknowledge that courts typically allow leave to amend based upon lack of standing; however, they argue that any attempt by Horn to amend would be futile (*id.* at 6).  Defendants thus request dismissal of Horn's Third Amended Complaint with prejudice for lack of standing (*id.*).

Rule 12(b)(1), Federal Rules of Civil Procedure, applies to the defense of lack of standing.  "Because standing is jurisdictional, a dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1)."  *Stalley ex rel. United States v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) (internal quotation marks and citation omitted).  "A facial attack on the complaint requires the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion."  *Id.* (quotation, citation, and alterations omitted).

At an "irreducible constitutional minimum," the standing doctrine requires that a plaintiff have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."  *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)).

The party invoking jurisdiction "must demonstrate standing for each claim [the plaintiff] seeks to press and for each form of relief that is sought." *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 734 (2008). That a plaintiff has standing to bring one claim does not save another claim for which he does not; "standing is not dispensed in gross." *Lewis v. Casey*, 518 U.S. 343, 358 n.6 (1996); *see also Davis*, 554 U.S. at 733–34. The allegations necessary to establish standing depend on the type of relief sought. *See Mack v. USAA Cas. Ins. Co.*, 994 F.3d 1353, 1356 (11th Cir. 2021). To establish standing when seeking retrospective relief, such as compensatory and/or damages for injury he suffered, a plaintiff must show he suffered "an invasion of a legally protected interest" that is both "concrete and particularized" and "actual or imminent, not 'conjectural' or 'hypothetical.'" *Lujan*, 504 U.S. at 560. If a plaintiff seeks prospective relief, such as a declaratory judgment or an injunction, he must "allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future." *Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1346 (11th Cir. 1999) (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983)). This is because injunctions regulate future conduct only; they do not provide relief for past injuries already incurred and over with. *See Strickland v. Alexander*, 772 F.3d 876, 883 (11th Cir. 2014) (citing *Church v. City*

*of Huntsville*, 30 F.3d 1332, 1337 (11th Cir. 1994)).   So a plaintiff seeking declaratory or injunctive relief must allege and ultimately prove "a real and immediate—as opposed to a merely hypothetical or conjectural—threat of future injury." *Church*, 30 F.3d at 1337.

Here, Horn states he "wants the Property back" in the hands of the Horn family and an award of millions of dollars in compensatory and punitive damages (*see* Pl.'s Third Am. Compl. at 14, 16).   As discussed *supra*, in order to seek retrospective relief, Horn must show he suffered "an invasion of a legally protected interest" that is both "concrete and particularized" and "actual or imminent, not 'conjectural' or 'hypothetical.'"   *Lujan*, 504 U.S. at 560.   Horn does not allege any fraud or wrongdoing with respect to the real estate transaction between himself and Laverne Camacho on December 21, 2006, in which he divested himself of his interest in the Walton County Property.   Rather, Horn's claims are based upon Defendants' conduct during the real estate transaction between Megen Rena Horn and Laverne Camacho on July 7, 2010.   Horn has not shown he had any legal interest in the Walton County Property at the time of the July 7, 2010, transaction.   By that date, Horn has transferred his interest in the property, and Megen was no longer a minor.   Because Horn had no legally protected interest in the Walton County

Property at the time of the transaction at issue, he lacks standing to seek retrospective relief, including the undoing of the transaction. Additionally, Horn may not seek prospective relief (i.e., a declaratory judgment or injunctive relief) because he has not alleged any facts showing "a real and immediate—as opposed to a merely hypothetical or conjectural—threat of future injury."

Accepting the allegations of the Third Amended Complaint as true, they do not demonstrate that Horn has standing to bring the causes of action asserted therein. Any attempt by Horn to amend the claims in his Third Amended Complaint would be futile. Therefore, Horn's Third Amended Complaint should be dismissed with prejudice. *See Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004).

**B.    The Walton County Circuit Court's previous dismissal of Horn's claims against Defendants Adkinson Law Firm, LLC, Clay Adkinson, Clay J.M. Adkinson, and Lavern Camacho Estate Trust as frivolous has a res judicata effect in this case.**

Defendants contend Horn acknowledged, in his Third Amended Complaint, he was involved in prior litigation with one or more Defendants (*see* Defs.' Mot. to Dismiss at 8). Defendants assert Horn identified that case as having occurred "around 2014" and that the result was the case was "dismissed" (*id.*). Defendants submitted a copy of Horn's pleadings in the 2014 state case and a copy of the state court's order dismissing the case with prejudice (*see* Horn's state court complaint

and petitions, ECF Nos. 65-2, 65-3; state court's order, ECF No. 65-4).  Defendants

contend Horn's purported claims are therefore precluded and barred by the doctrine

of res judicata (Defs.' Mot. to Dismiss. at 8–11).

Although res judicata is not a defense under Rule 12(b), and generally should

be raised as an affirmative defense under Fed. R. Civ. P. 8(c), it may be raised in a

Rule 12(b)(6) motion where the existence of the defense can be determined from the

face of the complaint.  *See Concordia v. Bendekovic*, 693 F.2d 1073, 1075 (11th Cir.

1982).  Horn states in his Third Amended Complaint that he filed a state court action

against Defendants in 2014, and the state court dismissed the case (*see* Pl.'s Third

Am. Compl. at 10–11).

Res judicata makes an earlier judgment "an absolute bar to [a] subsequent

action or suit between the same parties." *In re Atlanta Retail, Inc.*, 456 F.3d 1277,

1285 (11th Cir. 2006) (internal quotation omitted).  It not only bars matters actually

litigated in the earlier action; when it applies, res judicata also bars "every claim

which might have been presented" in the earlier action.  *Id.*  Res judicata applies

when four elements are met:  (1) there is a final judgment on the merits; (2) the

decision was rendered by a court of competent jurisdiction; (3) the parties, or those

in privity with them, are identical in both suits; and (4) the same cause of action is

involved in both cases. *See Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999).

"The principal test for determining whether the causes of action are the same is whether the primary right and duty are the same in each case." *Citibank, N.A. v. Data Lease Fin. Corp.*, 904 F.2d 1498, 1503 (11th Cir. 1990) (internal quotation marks and citation omitted). In other words, a court "must look at the factual issues to be resolved in [the second lawsuit], and compare them with the issues explored in" the first lawsuit. *S.E.L. Maduro v. M/V Antonio de Gastaneta*, 833 F.2d 1477, 1482 (11th Cir. 1987). "[I]f a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action," then the two cases are really the same. *Ragsdale*, 193 F.3d at 1239.

Horn's Third Amended Complaint satisfies all four requirements for application of res judicata with respect to the Adkinson Defendants and Defendant Lavern Camacho Estate Trust. First, Horn previously filed a civil lawsuit against the Laverne Camacho Estate, Clayton J.M. Adkinson, and Adkinson Law Firm, LLC (of which Defendant Clayton Adkinson is a "partner" and "joint principal" (*see* Pl.'s Third Am. Compl. at 13)) (*see* Horn's state court complaint, ECF No. 65-2).

Second, both the state court case and the instant case involve the same cause(s) of action, i.e., Defendants' alleged fraud, forgery, and theft with respect to the real estate transaction of July 7, 2010, involving Megen Rena Horn's interest in the Walton County Property (*see id.*).

Third, the Walton County Circuit Court was a court of competent jurisdiction to adjudicate Horn's claims.

Fourth, the state court dismissed Horn's claims, on August 7, 2014, with prejudice as frivolous and because Horn "would never have standing to allege a legally sufficient cause of action based on the facts alleged," pursuant to Florida Statutes § 57.085(6) (*see* state court's order, ECF No. 65-4).[7] The state court's dismissal constitutes a final judgment on the merits for purposes of res judicata. *See, e.g.*, *Harmon v. Webster*, 263 F. App'x 844, 845–46 (11th Cir. 2008) (holding that res judicata barred § 1983 action filed by pro se prisoner proceeding in forma pauperis against state court judges and prosecutor, where prior in forma pauperis

---

[7] Florida Statutes section 57.085(6) provides, in relevant part:

> (6) Before an indigent prisoner may . . . initiate any judicial proceeding, the court must review the prisoner's claim to determine whether it is legally sufficient to state a cause of action for which the court has jurisdiction and may grant relief. The court shall dismiss all or part of an indigent prisoner's claim which . . . [i]s frivolous . . . .

Fla. Stat. § 57.085(6).

proceeding asserting the same claims against same defendants was dismissed for failure to state a claim) (distinguishing *Denton v. Hernandez*, 504 U.S. 25, 34 (1992)).

Horn's claims against Defendants Adkinson Law Firm, LLC, Clay Adkinson, Clay J.M. Adkinson, and Lavern Camacho Estate Trust are barred by res judicata and thus subject to dismissal with prejudice.

## C.    Horn failed to state a plausible § 1983 claim against any Defendant.

To the extent Horn—proceeding in forma pauperis—asserts a federal claim under section 1983 (*see* Pl.'s Third Am. Compl. at 7), his claim should be dismissed for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(ii)(B)(ii).[8]

Section 1983 provides for the recovery of monetary damages for an alleged violation of a right secured by the Constitution or other federal laws.  In any section 1983 action, two essential elements must be present:  (1) the conduct complained of was committed by a person acting under color of state law; and (2) this conduct

---

[8] Defendants did not address Horn's § 1983 claim in their motion to dismiss, likely because Horn simply listed "1983" at the end of the string of federal criminal statutes he listed (*see* Pl.'s Third Am. Compl. at 7).  Nevertheless, the court is statutorily obligated to dismiss the case at any time if the court determines that the action fails to state a claim on which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986); *Duke v. Cleland*, 5 F.3d 1399, 1403 (11th Cir. 1993) (citing *Parratt*). The Eleventh Circuit recently reaffirmed that state action is an element of a § 1983 claim, not an affirmative defense. *See Charles v. Johnson*, No. 20-12393, 2021 WL 5313668, at *5 (11th Cir. Nov. 16, 2021) (citing *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999)).

A private party generally does not act under color of state law and is therefore not subject to suit under section 1983. *See Dennis v. Sparks*, 449 U.S. 24, 27–29 (1980); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970). "Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes." *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992). Private parties may be viewed as state actors if one of the following three tests is met: "(1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution ('State compulsion test'); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State ('public function test'); or (3) the State had so far insinuated itself into a position of

interdependence with the [private parties] that it was a joint participant in the enterprise ('nexus/joint action test')." *Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001) (citations and internal quotation marks omitted). To satisfy this third test, the private party must be "intertwined in a symbiotic relationship" with the government. *See Focus on Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1278 (11th Cir. 2003).

None of the Defendants in this case are state actors. Further, Horn's allegations do not plausibly satisfy any of the three tests for qualifying any Defendant as a state actor under § 1983. Moreover, Horn does not allege that any Defendant's conduct deprived him of a right secured by the Constitution or federal law.[9] Therefore, Horn's § 1983 claim should be dismissed for failure to state a claim upon which relief may be granted.

### D.    Horn's state law claims are barred by the statute of limitations.

Defendants contend Horn's state law claims, cognizable as fraud and fraudulent misrepresentation, are barred by Florida's statute of limitations (Defs.' Mot. to Dismiss at 6–8).

---

[9] Horn lacks standing to bring his remaining federal claims, i.e., claims under the federal criminal statutes he cites. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1073) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). The government, not private citizens, prosecutes crimes such as those identified by Horn.

Under Florida law, no action to recover real property or its possession may be maintained unless the person seeking recovery "was seized or possessed of the property within 7 years before the commencement of the action." Fla. Stat. § 95.12. A legal or equitable action founded on fraud must be commenced within 4 years from the time the facts giving rise to the cause of action were discovered or should have been discovered with the exercise of due diligence. *See* Fla. Stat. §§ 95.031(2)(a), 95.11(3)(j).

Horn discovered the facts giving rise to his claims no later than April 22, 2014, the date he filed the state civil action, discussed *supra*, asserting claims of fraud with respect to the 2010 real estate transaction. In Horn's state court complaint, he alleged he discovered the fraud in 2012 (*see* Horn's state court complaint, ECF No. 65-2). Horn did not file the instant case until June 3, 2019 (*see* Pl.'s Compl. at 1, 9). Therefore, his claims are untimely.

Florida statutes enumerate circumstances under which the statute of limitations is tolled, however, none of those circumstances are present here. *See* Fla. Stat. § 95.051. Further, Florida courts apply equitable tolling "when the plaintiff has been misled or lulled into inaction, has in some extraordinary way been prevented

from asserting his rights, or has timely asserted his rights mistakenly in the wrong forum." *See Machules v. Dep't of Admin.*, 523 So. 2d 1132, 1134 (Fla. 1988).

Here, the fact that Horn litigated his fraud claims in state court in 2014 demonstrates he was not prevented from asserting them in a federal diversity action within Florida's limitations period (i.e., within four years from 2012, when Michael Camacho informed him of the alleged fraud from (*see* ECF No. 65-2 at 2–3)). Therefore, Horn's state law claims are subject to dismissal as time barred.

## IV.   CONCLUSION

All of Horn's claims against all Defendants are subject to dismissal with prejudice for lack of standing.  Horn's claims against the Adkinson Defendants and Defendant Lavern Camacho Estate Trust are barred by res judicata.  Horn's § 1983 claims against all Defendants are subject to dismissal with prejudice for failure to state a plausible claim for relief, pursuant to 28 U.S.C. § 1915(e)(2)(B).  Finally, Horn's state law claims against all Defendants are barred by Florida's statute of limitations.   Therefore. all of Horn's claims against all Defendants should be dismissed with prejudice.

Accordingly, it is respectfully **RECOMMENDED**:

1.    Plaintiff's motion to strike (ECF No. 71) be **DENIED**.

2.      Plaintiff's motion for default (ECF No. 73) be **DENIED**.

3.      Plaintiff's "Motion to Enter Cease and Desist" (ECF No. 69) be **DENIED**.

4.      Defendants' Motion and Request for Court to Take Judicial Notice (ECF No. 65) be **GRANTED**.

5.      Defendants' motion to dismiss (ECF No. 64) be **GRANTED**.

6.      Plaintiff's Third Amended Complaint (ECF No. 41) be **DISMISSED with prejudice** as to all Defendants.

7.      The clerk of court be directed to enter judgment in favor of Defendants and close the case.

At Pensacola, Florida, this <u>19th</u> day of November 2021.


/s/ Elizabeth M. Timothy
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's**

**order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**